It has been a long established principle in the English courts of equity that the vendor of land sold has a lien upon the land for the purchase money in the hands of the vendee, or in those of any person claiming under him, with notice, although for a valuable consideration. Sug. Vend., 386, and the authorities there cited.
I am not aware that the question has been stirred in our courts before the present suit. It is therefore necessary to consider how far, on the ground of expedience and fitness, the doctrine should be introduced into our system of equitable jurisprudence.
When land is sold by the vendor for a certain price, to be paid by the vendee, in point of justice and equity the vendee does not become the owner of the land until he has paid the price. Until the payment, the title of the vendor should not, in this Court, be divested. At law, when a legal title has been conveyed upon a nominal consideration, but the real one is unpaid, the vendor is concluded and estopped from claiming the land; but in courts of equity, where real facts appear and truth is not disguised, although the vendor cannot claim the land, it is but just and equitable that he should have a lien upon it for the money for which it was sold. The equity of the rule is not altered when it is applied to a purchaser from the vendee, although for full value, if he is affected with notice, because, having notice, he knows he is purchasing that which in justice and equity his vendor had no right to sell. But, without such knowledge, as he has the legal estate, a court of equity will not interfere.
I think the equity here insisted upon is an universal equity, applicable to all societies that profess to be governed by principles of justice, let the form of their government be what it may. Nor do I think *Page 98 
(165) it is varied by the circumstance that in England lands cannot be sold under a fi. fa., but are only subject to the elegit. This case is not one of a contest between the vendor and a creditor of the vendee, where the vendor, having a legal title and possession, might have been trusted on that account. But it is that of a purchaser from the vendee with notice, who, at the time of the purchase, paid nothing for it, but who took it as an additional security for a prior debt.
This equity is not founded on any rule of policy which gives a preference to one creditor over another, but upon principles of natural justice, which prescribe that when a person sells an estate in lands he is not considered as parting with it until the stipulated price is paid or until surety is given for the payment of it in some other way.
It is said that landed and personal estate are equally the subjects of traffic in this country, and that the lien in question is equally applicable to both, or, in other words, applicable to neither. It may be observed that titles to personal estate, in times past, have been evidenced by possession, and passed from one person to another with more facility than titles to real estate, which are always of record; and that equities connected with the latter, as in the present case, can only be enforced against those who were conusant of them. The science of law is, however, progressive; whether it will ever fix a lien upon personal estate on behalf of the vendor in the hands of the purchaser to the amount of the purchase money is not for me to predict. But with respect to real estate in England, from whence we have derived our notions of jurisprudence, I may be permitted to say sic est lex; and that the principle is worthy of adoption in this country.
HENDERSON, J., concurred in opinion with HALL, J.